Good morning. May it please the Court, my name is Saul Huerta and I represent Mr. Juan Manuel Rivera-Constantino. I will attempt to reserve about three minutes for rebuttal. The question presented in this case is whether the term conspiracy or conspiring in Commentary Note 5 of the Sentencing Guidelines, Section 201.2 should be read as the Garcia-Santana decision states in a generic way that we take, excuse me, that we understand conspiracy, or if we're going to bring the term conspiracy from the Federal 21 U.S.C. Section 846 statute. We're talking here about a federal conviction for conspiracy, is that correct? Yes. Can you give me any example of a federal conviction that has been held to be outside the generic definition for purposes of the Federal Sentencing Guidelines? Your Honor, I do not know of any. Well, doesn't that suggest that the guidelines are intended to encompass federal convictions? Your Honor, I would say that it would, that would be the case when the guidelines reference federal, excuse me, federal sections. For example, the government points out that in Section 846 and they talk about conspiracies. In the Immigration Guidelines in 8 U.S.C. 1101A43B, when they talk about drug offenses, they talk about offenses under the Controlled Substances Act and under 18 U.S.C. Section 924C. In this section, 201.2 of the guidelines, when they talk about drug trafficking offenses, they make a point not to mention the federal drug statute. Instead, the definition of drug trafficking offenses is a generic definition. They talk about possessing with intent to distribute, offering, and it refers to federal, state, or local offenses. And that's in the definition section of 201.2. Then they move on and go on to state that attempts, conspiracies, inaiding, and abetting, and that's under Commentary Note 5, that those offenses also qualify under the definition of drug trafficking offenses. So I think because they chose purposely not to cross-reference to the federal drug guidelines or, excuse me, the federal drug sentences, that this is different from places where they do refer to it. And I think that Garcia's... What leads you to say they chose purposely not to reference the federal statute? I mean, this is an instance where every jurisdiction has a drug statute. It's not an instance of a unique federal offense. So it doesn't seem illogical to me that they would want to encompass not only people who are convicted of drug offenses under federal law, but also those convicted under California law, Arizona law, Texas law, whatever else. So the absence of the federal code citation doesn't seem so remarkable to me. Well, and I guess the reason that I think it's... I think the difference is, for this section, Commentary Note 5, speaks of attempts, conspiracies, inaiding, and abetting offenses, but it doesn't just reference conspiracies, attempts, or aiding and abetting of drug offenses. It refers to all of subsection B1 of 201.2. So when they're talking about conspiracies in that section, they are not talking about just drug conspiracies. They're talking about robbery conspiracies, burglary conspiracies, whatever other conspiracies there are. So I think when you look at it that way, I don't know that they would want to have imported federal statutes into that definition of conspiracy, because they would then have to, in theory, bring in every federal offense and say, does it qualify as a conspiracy under federal law? Not just drug offenses, as I said, but let's say a robbery, burglary, and other things. Well, that seems to explain to me why Application Note 5 doesn't include statutory references, because they'd have to go through the whole list. But if Congress has made a calculated decision with regard to drug offenses, that conspiracy, you can be convicted of conspiracy without an overt act, what's the logic of inferring that the Sentencing Commission intended to say, but we don't intend drug trafficking offenses to include conspiracy, because Congress has defined that without the overt act? Well, Your Honor, they are different offenses. A conspiracy offense is a different offense than the actual commission of the offense. They have different elements. But you're not trying to claim that conspiracy as such is not a drug trafficking offense, are you? That it is for purposes of the enhancement I am. I'm not saying that it is not a conspiracy for purposes of the enhancement. Suppose somebody were convicted for conspiracy of drug trafficking under, I'll pick a State at random, Missouri law, and Missouri happens to include an overt act requirement. That conviction would qualify, wouldn't it? Correct. So it's not like we've cut conspiracy out altogether and decided conspiracy isn't part of drug trafficking. Indeed, Application Note 5 suggests that conspiracy is supposed to be treated as the underlying crime. Now, you're arguing that because conspiracy for drug trafficking doesn't require under Federal law an overt act, we shouldn't adhere to that. But I go back to my previous question. What logic is there, if Congress decided that an overt act isn't required, what logic is there in inferring that the Sentencing Commission intended to leave conspiracy out for drug trafficking? Well, Your Honor, in the example you gave, you know, when you picked a State, basically the Federal statute becomes the same as another State statute. So we'd have 50 States, the District of Columbia, and Federal law, and offenses that are conspiracies, places where conspiracy requires an overt act would receive the 16-level enhancement. Places where that conviction, that conspiracy conviction, does not require an overt act would receive an 8-level enhancement. So Is that clear? I'm sorry? Is it clear that if it's not, that he could be sentenced in this instance to the 8 levels? Yes, he would, Your Honor, because How? Explain that to me. Because in the immigration statute, 8 U.S.C. 1101A43B, Congress included a cross-reference to the Controlled Substances Act. And Garcia-Santana found that that individual would still have an aggravated felony and be subject to an 8-level enhancement, just not a 16-level enhancement. And so that person would still, you know, basically receive the punishment they deserve, but because of the way the statute, the Federal statute is written, they would just receive a lesser enhancement than if they had been convicted of a conspiracy where an overt act was required. And I'll reserve the remainder of my time. Thank you. Okay. Thank you. May it please the Court, I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States in this case. The issue in this case is whether a prior Federal drug conspiracy conviction qualifies as a conspiracy to commit a Federal drug trafficking offense under the Federal guidelines. And the plain answer is, it does. Well, intuitively, I think, you know, and logically, it sounds right. But how do we deal with Garcia-Santana? I think the difference between the two is that I'm not going to go into that. Garcia-Santana seems to put up a, you know, a roadblock to your argument. I think the way to address Garcia-Santana is, obviously, when you're interpreting a statute, you have to look at it in the context in which it's used. Garcia-Santana was interpreting a much different statute that is structured in a much different way. In fact, the ---- Well, let's go back for a minute. So you would agree, wouldn't you, that we use the Taylor categorical approach to interpreting this guideline? That is correct. And we've done that in our case law. Yes. We've made it clear. In fact, we have a case, we did a very similar analysis with the aiding and abetting provision. Isn't that right? That is correct. Okay. So we start with the idea that the categorical approach applies. Right? Right. So then we have to look for the generic meaning. Right? Don't we? That is correct. Okay. So tell me how we then get around Garcia-Santana. This court, when it's looking at the generic meaning, sometimes it looks to, it does like a survey of the states. Other times, it takes the federal definition. In this case, the federal definition of conspiracy is clearly a conspiracy that is not requiring an overt act. That's what Congress is, that's what the Supreme Court has said Congress has meant. The Supreme Court has repeatedly said that. This court has recognized that. And as a matter of fact, I cited in the appendix of the brief, the vast majority of federal conspiracy statutes do not require an overt act. So that's what the federal law is. So in Garcia-Santana, the panel was applying or interpreting a statute that is worded much differently. And in fact, the panel in Garcia-Santana realized that because of the way that statute was drafted, their conclusion would not lead to the absurd result that federal drug conspiracies are not counted as aggravated felonies. Because they said federal drug conspiracies, in footnote 9, they say federal drug conspiracies fit into another section of that statute. Aggravated felony. Yes, correct. Right. You get eight levels instead of 16 or whatever it is. But now you've got to look at the sentencing guidelines. They're structured differently and purposely structured differently. In fact, the sentencing commission, and I believe it was 2001, indicated that they wanted to divorce the guideline definition from the aggravated felony definition. That all was to give various levels of enhancement. Right. Because the general, the 16 level across the board, people complained was too much. Right. And in the process, they created their own definition of drug trafficking conviction, which is different from the aggravated felony definition. Much different. And because of that, you've got to interpret what conspiracy means in the context of the definition that the sentencing commission created, which is different from the aggravated felony definition that Garcia-Santana was looking at. And if you look at the definition the sentencing commission created, if you accept the premise that a conspiracy under that sentencing guideline requires an overt act, federal drug conspiracies would not qualify as drug trafficking offenses. They would qualify as aggravated felonies. You get eight level enhancement. But you've got to be looking at what is the intent of the sentencing commission here. And the intent of the sentencing commission clearly has to be that they drug trafficking offenses, as the Fifth Circuit and the Sixth Circuit have found in interpreting the sentencing guideline at issue here, which this Court has not done yet. Right. So, because the statute is worded so differently from the aggravated felony statute, as the district court found in this case, Garcia-Santana just does not control. Do we just say it's just out there? It's distinguishable. Legally speaking. It has no application here whatsoever. It's not applicable to the sentencing guidelines because it was interpreting a totally different statute. Even if we have to look and try and figure out what the generic meaning of conspiracy is under our caseload. Yes, because you have to look at what the, ultimately, you're looking at what the intent of the drug is. I don't find that to be a very satisfactory. I mean, you've got to put all this stuff together so it all makes sense. And to be honest with you, I think this whole categorical analysis, it leads to I wouldn't disagree with you on that, Judge. I really do. I don't know, this is crazy, but we go all over the place trying to figure out what these statutes mean. And intuitively, I'm sympathetic to your view, but I think Garcia-Santana raises a problem for the government. As I said, you've got to be looking at what you're interpreting. You're interpreting the federal sentencing guideline here. What was the intent of the Sentencing Commission as they were drafting this? When they use conspiracy elsewhere in the guidelines, they're clearly referring to the federal drugs conspiracy statute. Why would they? There's no logical explanation to conclude that they intended a different definition here. And there is certainly no logical explanation to suggest they did not want to include a federal drug conspiracy as a drug trafficking offense for the purpose of the sentencing guidelines. And like I said, I think that Garcia-Santana is distinguishable because it was interpreting the statute that was worded totally differently. Okay. Unless the Court has any further questions. Thank you. Your Honor, Rodriguez-Escarreno of the Fifth and Zambria Bueno of the Sixth. The Sixth Circuit case basically follows the Fifth Circuit case. They do state Congress obviously meant for federal drug conspiracies to be included. The Fifth Circuit in Rodriguez-Escarreno doesn't state why it believes that to be the case. It simply states that it's clear. I would like to point out one more thing. And there is absurdity in either direction when this happens, when these types of cases. But the other absurdity that would happen if the Court were to find that the conspiracy language there is going to have to have a federal definition is that because that applies to all of 201.2b1, every other offense will have to be reviewed under the rubric of the federal definition of conspiracy for that type of offense. And that is actually a much more convoluted state of events than simply reading the terms which, again, are not cross-referenced to the Controlled Substances Act as they are in Section 2d1.1 of the sentencing guidelines. So for those reasons, Your Honor, I think that the correct reading is to use the generic meaning of those terms, all three of them, attempt, excuse me, yeah, attempt, conspiracy, innating, and abetting. And as Judge Paz pointed out, this does not absolve the individuals. Garcia-Santana also included that it does not absolve the individuals because they are still burdened with the aggravated felony under the Immigration and Nationality Act. And they still do receive an enhancement. Again, just the federal offenses are treated the same as state offenses would be. If there's an overt act, you get a 16-level enhancement. If there is no overt act requirement, then you get an 8-level enhancement. And, of course, if you're actually convicted of the actual offense, which has different elements, you would get a 16-level enhancement. Frankly, I think all this would probably do is likely have the government charge more actual offenses as opposed to conspiracy counts so they would get the same result. But that being the case, unless the Court has any questions, I thank you for your time. Thank you. Thank you, Counselor. I appreciate your arguments. The matter is submitted.
judges: Paez, Clifton, Duffy